UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE LAVERN BODRIE,

        Petitioner,

v.                                                  CASE NO. 08-11169
                                                   HONORABLE GERALD E. ROSEN

BLAINE C. LAFLER,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S REQUEST FOR A STAY

### I. Introduction

Petitioner George Lavern Bodrie recently filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for one count of first-degree criminal sexual conduct and eight counts of second-degree criminal sexual conduct. The first and second habeas claims allege that the trial court admitted "other bad acts" evidence, which never occurred and was irrelevant. The third and fourth claims allege ineffective assistance of trial and appellate counsel. Petitioner states that he is serving a sentence of ten to thirty years. The Michigan Court of Appeals affirmed his convictions, and on December 9, 2005, the Michigan Supreme Court denied leave to appeal.

On December 4, 2006, Petitioner allegedly filed a motion for relief from judgment through counsel. He currently is appealing the trial court's denial of his motion, and he is considering whether to file another post-conviction motion in the trial court. Because he fears that the one-year statute of limitations for federal habeas corpus petitions will expire if the Court does not hold this case in abeyance, he has requested a stay of these proceedings.

## II. Discussion

State prisoners are required to exhaust available state remedies before seeking a federal writ of habeas corpus. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion doctrine requires prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).

Petitioner apparently has raised only his first two claims at all levels of state court review. Thus, the habeas petition appears to be a "mixed petition" of two exhausted claims and two unexhausted claims. Although district courts ordinarily must dismiss mixed petitions in their entirety, *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982), the dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). "The combined effect of *Rose* and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." *Pliler v. Ford*, 542 U.S. 225, 230 (2004). In light of this dilemma, courts may stay claims that have been presented to the state courts and dismiss unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). Stay and abeyance are appropriate only if (1) there was good cause for the petitioner's failure to exhaust

state remedies for his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

Petitioner does not appear to be engaged in abusive litigation tactics or intentional delay, and he purports to have newly discovered evidence, which may explain why he did not raise his claims earlier. His first two claims, which challenge the admission of "other bad acts" evidence, probably lack merit. *See Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir. 2003) (noting that there is no Supreme Court decision holding that the admission of "other acts" evidence violates the Constitution and, therefore, the state court's conclusion that the evidence was admissible cannot be deemed contrary to Supreme Court precedent under 28 U.S.C. § 2254(d)). However, the other two habeas claims (ineffective assistance of counsel) are not plainly meritless.

The Court concludes that Petitioner has satisfied the requirements for a stay and that it would not be an abuse of discretion to hold this case in abeyance. Accordingly, Petitioner's request for a stay is GRANTED. The stay is conditioned on Petitioner filing an amended habeas petition and a motion for reinstatement of this action within **ninety (90) days** of exhausting state remedies for all his claims.

The Clerk of Court shall close this case for administrative purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims or a ruling on any statute-of-limitations issues.

    s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: March 28, 2008

I hereby certify that a copy of the foregoing document was served upon George Bodrie and counsel of record on March 28, 2008, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager